## STATE ex GREENSTEIN, Plaintiff-Relator v. CLIFFORD et. Defendants

Ohio Appeals, Second District, Franklin County.

No. 3782.   Decided March 29, 1945.

C. J. Wardlaw, Columbus, Dale Stump, Columbus, for defendants and for the dumurrer.

Hugh M. Bennett, Columbus, for plaintiff-relator, contra the demurrer.

## OPINION

By HORNBECK, P. J.

Submitted on general demurrer of defendants to the petition of the relator. The action is in prohibition, seeking an order preventing the defendants from assuming any jurisdiction over what is designated as a second cause of action in the amended petition of Philip A. Thal v. Louis Morrey Greenstein, d. b. a. Morrey Jewelers, No. 166,291, Court of Common Pleas, Franklin County, Ohio, and from holding any hearing or trial on the issues presented by said second cause of action and from making any order or entering any judgment thereon as against relator.

The amended petition in Common Pleas Court was for a money judgment predicated upon two causes of action, the first cause of action setting out and enumerating four items representative of wages and compensation due plaintiff for services

rendered to the defendant under contract entered into on or about January 6, 1941, which employment began on April 29, 1941. The second cause of action plead that, in the latter part of March, 1942, "he (plaintiff) and defendant further agreed that plaintiff would continue in defendant's employ for a weekly salary of $75.00, with one week's vacation with pay, plus an additional sum to be paid by the defendant to plaintiff at the end of the year 1942 for his services of at least $3900.00, and more if defendant's business justified more."

It is further averred that under this contract plaintiff had paid the sum of $75.00 per week and an additional $200.00 but had failed to pay the balance of $3700.00 due under said supplemental agreement. Performance of the contract is pleaded and the balance claimed due is prayed for.

To the second cause of action defendant demurred on the ground that insufficient facts are there stated to constitute a cause of action, which demurrer on hearing, rehearing and second rehearing was overruled. It is stated in one of the briefs that defendant also answered, but this does not appear in the petition. Although there is nothing in the demurrer to the amended petition challenging the jurisdiction of the Common Pleas Court to consider and adjudicate the subject matter of the second cause of action, this question undoubtedly was raised and has been considered at length in three written opinions by Judge Leach in overruling the demurrer.

In the briefs on the demurrer to the amended petition in Common Pleas Court, defendant asserted the lack of jurisdiction of the Common Pleas Court in the particulars now set forth in the petition in this action in prohibition.

Briefly and succinctly, it is the proposition of the relator that the jurisdiction to decide the claim in the second cause of action in the amended petition is vested in the War Labor Board of the United States as a result of an act of Congress, known as the Federal Wage Stabilization Law, entitled, "An Act to Amend the Emergency Price Control Act of 1942 to Aid in Preventing Inflation and for Other Purposes", duly approved by the President of the United States on October 2, 1942, and also because of the President's executive order No. 9250 issued thereunder. Certain provisions, sections, and subsections, of the Act and directives are set out fully in the petition and it is alleged that by virtue of these federal provisions the War Labor Board has sole jurisdiction to determine whether said oral agreement of employment of said Thal by the relator was made and, if so, its meaning and that said Court of Common Pleas has no jurisdiction whatsoever to construe said agreement or to enforce the same prior to the approval thereof by

the National War Labor Board or one of the several Regional War Labor Boards constituted to assist said National War Labor Board in the several areas into which the United States is divided for the purpose of the administration of said Act of Congress and said Executive Order.

Judge Leach very fully considered whether or not the Common Pleas Court was precluded from proceeding by the operative effect of the federal legislation now set up in the petition in prohibition and concluded that said Court was vested with full and complete jurisdiction to adjudicate the subject matter of the second cause of action of the amended petition.

In our opinion this order of the Common Pleas Court is a complete answer to the question presented by this action.

The controlling test of the right of the relator to the extraordinary writ of Prohibition is whether the Common Pleas Court had jurisdiction to entertain and decide the question presented by the attack on the jurisdiction of that Court by the demurrer to the amended petition and the arguments presented in behalf thereof.

The Common Pleas Court is a Court of general jurisdiction with power to determine the extent of its jurisdiction. Here that jurisdiction exists if, under the facts appearing, the federal legislation pleaded does not have application to the second cause of action pleaded in the amended petition of Thal.

The principle controlling is well recognized and well stated in the third and fourth syllabi of **State ex Halchak v Doyle, Judge, 41 Oh Ap 569.** We quote the 3rd syllabus:

"3. Where the party asking for a writ of prohibition against a court competent to pass upon its own jurisdiction has submitted to said court the question of jurisdiction, the writ should be denied, although such court has erroneously decided that it has jurisdiction, if the ordinary and usual remedies provided by law, such as appeal or proceedings in error, are adequate and available."

To like effect is **State, ex rel Emery-Thompson Machinery and Supply Co. v Jones, 96 Oh St 506; State, ex rel The Cleveland Telephone Co. v The Court of Common Pleas of Cuyahoga Co., et al., 98 Oh St 164;** and cases there cited; **State, ex rel Levy v Savord, et al., 143 Oh St 451.**

The question is not presented by the petition in this case whether or not the Common Pleas Court correctly determined that it had jurisdiction of the cause there pending. It is suf-

ficient for the purpose of the demurrer here that it had authority to determine its own jurisdiction and the effect thereon in law of the facts set forth in the second cause of action of said amended petition.

Relator here invoked the action of the Common Pleas Court on the jurisdictional question and has a full, adequate and complete remedy at law in the right of appeal that will be accorded if eventually judgment is entered against him.

We are satisfied that the petition in the instant case does not state a cause of action for a writ of prohibition. The demurrer will be sustained.

GEIGER and MILLER, JJ., concur.